UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIONNA SPENCE<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br><br>Defendant, | Civil Action No. |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

SHIONNA SPENCE, ("Plaintiff"), through the undersigned counsel, Daniel P. Hartstein, alleges the following against GC SERVICE LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Shionna Spence, an individual consumer, against defendant GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Shionna Spence is a natural person residing in Whitehall, Pennsylvania.

4. Defendant, GC Services Limited Partnership is a partnership engaged in the business of collecting debt in this state with its principal place of business located at 6330 Gulfton, Houston, TX 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in 2010.

7. Defendant placed collection calls to Plaintiff, including calls both before 8 o'clock antemeridian and after 9 o'clock postmeridian, which are inconvenient times; seeking and demanding payment for an alleged consumer debt owed under an account number.

8. Upon information and belief, Defendant called Plaintiff before 8 o'clock antemeridian in early January of 2011.

9. Upon information and belief, Defendant called Plaintiff after 9 o'clock postmeridian in early January of 2011.

10. During collection calls, Defendant has indirectly threatened to garnish Plaintiff's wages, stating, "We can garnish your wages."

11. Upon information and belief, to date, Defendant has not taken any final, definite action to garnish Plaintiff's wages.

12. During collection calls, Defendant has indirectly threatened to take Plaintiff's income taxes, stating, "We can take your income taxes."

13. Upon information and belief, to date, Defendant has not taken any final, definite action to take Plaintiff's income taxes.

14. During collection calls, Defendant has lied to, or at the very least misled Plaintiff, through false and misleading statements, stating, "You will never have good credit or be able to purchase a home if you don't pay this."

15. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by lying to Plaintiff.

16. During multiple collection calls in March and April of 2010, Defendant spoke to Plaintiff in an offensive and verbally abusive manner by swearing at Plaintiff, saying words like, "F**k," and its derivatives.

17. Upon information and belief, Defendant was given knowledge of Plaintiff's work hours and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer in July of 2010.

18. Upon information and belief, Defendant continued to call Plaintiff at Plaintiff's workplace four to five times after she had already told them not to in July 2011, and then started calling her at her workplace again in January of 2011.

19. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (c) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt both before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the consumer's location, which are unusual times or places or times or places known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and
>
> (e) Defendant violated §1692e(4) of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Shionna Spence for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

4

WHEREFORE, Plaintiff SHIONNA SPENCE respectfully requests that judgment be entered against Defendant GC SERVICES LIMITED PARTNERSHIP for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff SHIONNA SPENCE demands trial by jury in this action.

This 10th day of June, 2011.

_____
Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com